Opinion issued November 10, 2004












In The
Court of Appeals
For The
First District of Texas




NOS. 01-03-00866-CR
          01-03-00867-CR




JACOB SANDERS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 339th District Court
Harris County, Texas
Trial Court Cause Nos. 925320 & 925321




MEMORANDUM OPINION

          A jury found appellant, Jacob Sanders, guilty of aggravated robbery and
aggravated assault. The judge assessed his punishment at confinement for 30 years
on the aggravated robbery conviction and for 10 years on the aggravated assault
conviction. In two issues, appellant complains that he received ineffective assistance
of counsel at trial and that the prosecution withheld material evidence in violation of
Brady v. Maryland.


 We affirm the judgment of the trial court.
BACKGROUND
          Appellant and another man went to Jalapenos bar, and appellant drank beer,
played pool, and talked to several other patrons. Appellant left the bar and waited in
his car in the parking lot while his friend robbed the bartender at gunpoint. The
friend came out of the bar and got into appellant’s car, and appellant drove away. 
Javier Zepeda and another patron tried to follow appellant, but were unable to catch
up with him. 
          At the punishment phase of appellant’s trial, the State offered into evidence
numerous previous convictions and other extraneous bad acts. One of these
extraneous acts was a rape in which the police recovered a shotgun and a bag of
cocaine. The rape victim testified at the punishment phase of appellant’s trial for
aggravated robbery and aggravated assault, and the shotgun and cocaine were offered
into evidence, without objection. Appellant gave his trial counsel the name of the
victim’s neighbor, Maria Arreola, as someone whose testimony would be favorable
to his case.
DISCUSSION
Ineffective Assistance of Counsel
          In his first issue, appellant contends that the following five omissions
demonstrate ineffective assistance of counsel: (1) the failure to investigate the case
properly, (2) the failure to present the testimony of a material witness to the offenses,
(3) the failure to investigate the extraneous offenses, (4) the failure, during the
punishment phase, to present the testimony of a material witness to the extraneous
offense, and (5) the failure, during the punishment phase, to object to the introduction
of the illegally seized evidence. Appellant complains specifically regarding his
attorney’s failure to present the testimony of Javier Zepeda and Maria Arreola and his
failure to interview any witnesses to the robbery or the extraneous sexual assault.
Appellant’s motion for new trial was presented to the trial court by affidavits. 
Standard of Review
           The standard of review for a trial court’s order denying a motion for new trial
is abuse of discretion. Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995). An
appellate court does not substitute its judgment for that of the trial court, but decides
only whether the trial court’s decision overruling a motion for new trial was arbitrary
and unreasonable. Id. The credibility of the witnesses is primarily a determination
for the trial court. Hoyos v. State, 951 S.W.2d 503, 511 (Tex. App.—Houston [14th
Dist.] 1997), aff'd, 982 S.W.2d 419 (Tex. Crim. App. 1998). As the finder of fact, the
trial judge may accept or reject any part or all of the testimony given by State or
defense witnesses. Johnson v. State, 571 S.W.2d 170, 173 (Tex. Crim. App. [Panel
Op.] 1978). 
           To establish a claim of ineffective assistance of counsel, an appellant must
show that (1) counsel’s performance was so deficient that he was not functioning as
acceptable counsel under the sixth amendment and (2) but for the counsel’s error, the
result of the proceedings would have been different. Strickland v. Washington, 466
U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Thompson v. State, 9 S.W.3d 808, 812
(Tex. Crim. App. 1999); Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim. App.
1986); Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no
pet.). 
          It is the defendant’s burden to prove ineffective assistance of counsel.
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Gamble, 916 S.W.2d at 93. A
defendant must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy. See Strickland, 466 U.S.
at 689, 104 S. Ct. at 2065; Thompson, 9 S.W.3d at 813; Gamble, 916 S.W.2d at 93. Analysis
          In support of appellant’s contention that his trial counsel did not properly
investigate the charges against him, appellant claims that his attorney should have
interviewed Zepeda and Arreola and that their testimony would have contradicted the
testimony of the State’s witnesses. To support this contention, appellant attached the
affidavits of Zepeda and Arreola to his motion for new trial. 
          Appellant’s counsel stated in his controverting affidavit that he reviewed the
offense report and the statements made by witnesses and determined that the
testimony of Zepeda and Arreola would not have helped the defense. Counsel also
stated other measures he had taken to investigate the charges and prepare for trial. 
The trial court did not abuse its discretion in accepting the facts stated in trial
counsel’s affidavit and rejecting the facts stated in Zepeda’s and Arreola’s affidavits.          Appellant also contends that his attorney’s failure to object to the admission
of evidence obtained after appellant was arrested for the rape constituted ineffective
assistance of counsel. 
          In his motion for new trial, appellant does not complain about counsel’s failure
to object to the admission into evidence of the shotgun and cocaine, and counsel’s
affidavit does not address his strategy in this regard. When the record is silent as to
counsel’s trial strategy, this Court will not speculate regarding why counsel acted as
he did, but will respect the strong presumption that all decisions made represent trial
strategy. See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).
          We hold that the trial court did not abuse its discretion in denying appellant’s
motion for new trial on the ground of ineffective assistance of counsel. Accordingly,
we overrule appellant’s first issue in its entirety. 
Exculpatory Evidence
          In his second issue, appellant argues that the trial court erred in denying
appellant’s motion for new trial, which was based in part on the State’s failure to
disclose exculpatory evidence. Appellant contends that the State did not provide him
with information obtained in its interview of Javier Zepeda.


 
          The record does not support appellant’s contention. The affidavits of both the
prosecutor and defense counsel state that the offense report and witnesses’ statements
were made available to defense counsel for preparation of his case. Appellant has not
carried his burden of showing that the State withheld any material evidence that was
favorable to him. 
          We hold that the trial court did not abuse its discretion in denying appellant’s
motion for new trial on the ground that the State withheld exculpatory evidence. We
overrule appellant’s second issue.
Conclusion
          We affirm the judgments of the trial court.
 
 
Sam Nuchia,
                                                             Justice

Panel consists of Justices Nuchia, Hanks, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).